UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BETTY CUNNINGHAM, | CIVIL ACTION NO. |
| Plaintiff | |
| Versus | JUDGE |
| LOPAREX, ISOBEL A. HERBERT, SUPERVISED EXECUTOR, FIDELITY MANAGEMENT TRUST COMPANY, | |
| Defendants | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1441(a) and 1446, defendants Fidelity Management Trust Company ("FMTC", misnamed in the underlying complaint as "Fidelity Investments"), and Loparex, LLC, through their undersigned counsel, with full reservation of all rights and defenses, hereby respectfully removes this action to the United States District Court for the Northern District of Illinois (Eastern Division), and, in support thereof, states as follows:

1. On October 16, 2014, Plaintiff filed a complaint in the Circuit Court of Cook County, Probate Division, entitled "Cunningham v. Loparex, et al" bearing Docket Number 14 P 3107 ("the Action").

2. On October 21, 2014, FMTC was served with the Complaint and related summons. On October 23, 2014, Loparex was served with the Complaint and related summons. Copies of both sets of papers are attached as Exhibit A.

3. In the Complaint, Plaintiff alleges that: she is the former spouse of P. Kevin Cunningham (deceased); that during the marriage, Mr. Cunningham was employed at Loparex

1

and participated in and made contributions to a Loparex sponsored 401(k) employee retirement plan and for which he named his then wife, Plaintiff, as the sole beneficiary; that she and Mr. Cunningham were divorced on November 12, 2003; that Mr. Cunningham never changed his 401(k) account beneficiary and died on March 29, 2014, and that therefore Plaintiff is the lawful beneficiary of the 401(k) account and should be paid any and all funds therein. Plaintiff further alleges that co-defendant Supervised Executor of the Estate of P. Kevin Cunningham (the "Supervised Executor") is also claiming a right to the funds in the 401(k) account. Plaintiff seeks a declaration that she is the appropriate beneficiary to the 401(k) account. See Exhibit A.

4. FMTC and Loparex desire to exercise their right under 28 U.S.C. § 1441, *et seq.* to remove this action from the Circuit Court of Cook County, to the United States District Court for the Northern District of Illinois. This action is removable under 28 U.S.C. § 1441 and § 1446 because it originally could have been filed in this Court under 28 U.S.C. § 1331.

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), as this action is a civil action which arises under federal law, the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, *et seq.*

6. The retirement benefit plan at the foundation of this controversy is an ERISA plan. ERISA law supersedes any and all state law claims related to such an employee benefit plan. *See* 29 U.S.C. § 1144(a).

7. The district courts of the United States have original jurisdiction of civil actions brought under ERISA's civil enforcement scheme, ERISA Sec. 502, 29 U.S.C. § 1132. *See* ERISA § 502(e), 29 U.S.C. § 1132(e); and 28 U.S.C. § 1331.

8. As stated in the Complaint, the plaintiff seeks to recover plan retirement benefits

4858357_1

and/or to enforce rights under ERISA. Though the Complaint does not expressly invoke ERISA, the plaintiff's cause of action is directed at an ERISA plan 401(k) account and arises exclusively under the civil enforcement scheme of ERISA Section 502, 29 U.S.C. § 1132.

9. A Complaint arising under ERISA Sec. 502, 20 U.S.C. § 1132, is necessarily federal in character, resulting in conferral of original jurisdiction on the federal court. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004); *Metropolitan Life Inc. Co. v. Taylor*, 481 U.S. 58 (1987).

10. Additionally, ERISA's preemptive power is so strong that all claims that implicate ERISA's civil enforcement scheme are automatically re-characterized as federal in nature and are, therefore, removable to the United States District Courts. *See, e.g, Duncan v. Park Ave. Securities, LLC*, 2011 WL 311385 (N.D. Cal. 2011) (holding preempted an ex-wife's state law claim against retirement program for negligently distributing funds from the ex-husband's account); *Hogan v. Fidelity Investments Institutional Operations Co., Inc.*, 2013 WL 1330480 (D. Mass. 2013)(Plaintiff's claims of improper plan administration involving a QDRO related to ERISA plan and his state law claims for negligence, breach of fiduciary duty, promissory estoppel, and deceptive or unfair trade practices were preempted).

11. In enacting ERISA, 29 U.S.C. § 1001 *et seq.*, Congress created a comprehensive civil enforcement scheme that completely preempts any state-law cause of action that "duplicates, supplements, or supplants" an ERISA remedy. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004).

12. As the Supreme Court described over twenty-five years ago, Congress intended ERISA's enforcement scheme to be exclusive:

> [t]he policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if

3

4858357_1

> ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA. The six carefully integrated civil enforcement provisions found in § 502(a) of the statute as finally enacted ... provide strong evidence that Congress did not intend to authorize other remedies that it simply forgot to incorporate expressly.

*Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54 (1987) (internal citations omitted).

13. Claims that fall within the scope of—or duplicate, supplement or supplant—the civil enforcement provisions in ERISA § 502, 29 U.S.C. § 1132, are treated as arising under federal law and may be removed to federal court. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 41, 63-66 (1987); *Copling v. Container Store, Inc.*, 174 F.3d 590, 594 (5th Cir. 1999), overruled on other grounds by *Arana v. Ochsner Health Plan*, 338 F.3d 433 (5th Cir.2003). In other words, the preemptive power of ERISA "completely" preempts a state civil law complaint alleging a cause of action that falls within ERISA's enforcement provisions, and essentially transforms that state claim into a federal claim. *Davila*, 542 U.S. at 209.

14. Plaintiffs may not avoid ERISA's preemptive reach by recasting otherwise preempted claims as state-law tort and contract claims. *See Davila*, 542 U.S. at 214, 124 S.Ct. 2488 ("[D]istinguishing between pre-empted and non-pre-empted claims based on the particular label affixed to them would elevate form over substance and [improperly] allow parties to evade the pre-emptive scope of ERISA."). See also, *Pilot Life*, 481 U.S. at 46. Thus, Plaintiff's entire Complaint is necessarily federal, and therefore removable, under the complete preemption doctrine.

15. Therefore, the Court has original jurisdiction over the Complaint, and the alleged cause of action contained therein, under 28 U.S.C. § 1331. The Complaint and the state court action, therefore, may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441.

16. Removal of this action is timely as this Notice is being filed by FMTC and Loparex within thirty (30) days of their respective receipts of the Petition as is required by 28

U.S.C. § 1446(b).

17. Because the Circuit Court of Cook County is within the territorial jurisdiction of this Honorable Court, this Court is the proper Federal Court for this removal action pursuant to 28 U.S.C. § 1446(a).

18. A copy of all process, pleadings, and orders that have been served at this time are attached as Exhibit A.

21. Pursuant to 28 U.S.C. § 1446(d), FMTC and Loparex are providing written notice of this Removal to Plaintiff's counsel and counsel for co-defendant Supervised Executor, and is filing a copy of this Notice with the Clerk of Court for Cook County.

22. FMTC and Loparex reserve the right to supplement or amend this Notice of Removal.

23. FMTC and Loparex hereby reserve any and all rights whatsoever to assert defenses to Plaintiff's Complaint.

**WHEREFORE,** FMTC and Loparex pray that this Action be removed to the United States District Court for the Northern District of Illinois for further proceedings and disposition, and prays that no further proceedings be had in this matter in the Circuit Court of Cook County.

    Respectfully submitted,

    s/ John M. O'Bryan
    Attorney for FMTC and Loparex

John O'Bryan, Esq
Freeborn & Peters LLP
311 S. Wacker Dr., Suite 3000
Chicago, IL 60606
312-360-6580

4858357_1

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Notice of Removal has been served upon all counsel of record by placing same in the United States mail, properly addressed and postage prepaid:

John M. Morrone, P.C.
12820 S. Ridgeland Ave., Unit C
Palos Heights, Illinois 60463

Kathy Svanascini, Esq.
P.O. Box 541
Palos Heights, IL 60263

this 19th day of November, 2014.

                                     *s/* John M. O'Bryan
                                  Counsel for FMTC and Loparex

4858357_1

# EXHIBIT A

3239172v1/30269-0001

4858357_1

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| SUMMONS | ALIAS - SUMMONS |

(2/28/11) CCG N001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, PROBATE DIVISION

BETTY CUNNINGHAM

(Name all parties)

v.

LOPAREX, LLC, ISOBEL A. HERBERT, SUPERVISED EXECUTOR, FIDELITY INVESTMENTS

No. 14 P 3107

FIDELITY INVESTMENTS

100 CROSBY PARKWAY

COVINGTON, KY 41015

### ● SUMMONS ○ ALIAS SUMMONS

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

● Richard J. Daley Center, 50 W. Washington, Room 1202, Chicago, Illinois 60602

○ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

○ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

○ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

○ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

○ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60428

○ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 54066
Name: JOHN M. MORRONE, P.C.
Atty. for: BETTY CUNNINGHAM
Address: 12820 S. RIDGELAND AVE., UNIT C
City/State/Zip: PALOS HEIGHTS, ILLINOIS 60463
Telephone: 708-653-3151

WITNESS, OCT 16 2014

DOROTHY BROWN

Clerk of Court

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____
(Area Code) (Facsimile Telephone Number)

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

STATE OF ILLINOIS )
)SS:  ATTORNEY NO. 54066
COUNTY OF COOK )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, PROBATE DIVISION

| | |
|---|---|
| IN RE: THE ESTATE OF:<br><br>PATRICK KEVIN CUNNINGHAM,<br><br>Deceased. | ) CASE NO. 14 P 3107<br>) DOCKET<br>) PAGE<br>) Supplemental Proceeding<br>) |

BETTY CUNNINGHMAM,

Plaintiff

v.

LOPAREX, LLC, And ISOBEL A. HERBERT,
as Supervised Executor of the Estate of
Patrick Kevin Cunningham, FIDELITY INVESTMENTS,

Defendants.

SUPPLEMENTAL PROCEEDINGS

## COMPLAINT
## DECLARATORY JUDGMENT

NOW COMES the Plaintiff, BETTY CUNNINGHAM, by and through her attorneys, JOHN M. MORRONE, P.C., and hereby brings this action and Complaint against Defendants, LOPAREX, LLC., FIDELITY INVESTMENTS, and ISOBEL A. HERBERT, as Supervised Executor of the Estate of Patrick Kevin Cunningham, and hereby alleges the following:

1. Decedent Patrick Kevin Cunningham died on March 29, 2014.

2. His purported Will was admitted to probate on July 29, 2014 and his friend, ISOBEL A.

1

HERBERT was appointed Independent Executor.

3. Independent Administration was terminated and the estate is under court supervision.

4. The decedent, P. Kevin Cunningham and Betty Cunningham were married on April 3, 1981 and subsequently divorced on November 12, 2003.

5. Even though the decedent and Betty Cunningham were divorced, they remained friends until his death and shared joint custody of their pet dogs.

6. The decedent was employed by Loparex, LLC for over thirty years and had life insurance policies and a 401(k) through his employment.

7. Upon information and belief, the decedent had named Betty Cunningham as his beneficiary to his Fidelity Investments 401(k) that he received through Loparex, LLC while they were married.

8. Upon information and belief, fter the divorce, the decedent changed the beneficiary to his assets, including his life insurance policy through his employment. The only asset that he did not alter the beneficiary to was his Fidelity Investments 401(k), where he still had Betty Cunningham named as his beneficiary.

9. Upon information and belief, upon decedent's death, Loparex, LLC informed Fidelity Investments that the beneficiary form that was in its possession was outdated and predated the Cunningham's divorce.

10. Upon information and belief, Loparex, LLC also informed Fidelity Investments that it was going to look through its files for a current beneficiary.

11. To date, no current beneficiary form as been discovered by Loparex, LLC or the Supervised Executor.

2

12. Upon information and belief, the Supervised Executor contacted Fidelity Investments and requested that the decedent's 401(k) be moved to an "Estate Account."

13. At the request of the Supervised Executor, Fidelity Investments did move the decedent's 401(k) account to an "Estate Account" where it is believed that the funds are still being held.

14. Since decedent's Fidelity Investments 401(k) account had a legal beneficiary named, the account should have been paid to Betty Cunningham instead of being moved to an "Estate Account."

15. Essentially, Loparex LLC and Fidelity Investment, by moving the account to an "Estate Account" created their own interpleader, without court order and without legal authority to create an interpleader.

16. The Defendants did not have any legal authority to move the 401(k) to an estate account and they do not have any legal authority to deny the rightful beneficiary possession to these funds.

17. The Plaintiff, Betty Cunningham is claiming that she is the rightful beneficiary to the Fidelity Investment 401(k) fund of decedent. Upon information and belief, the Supervised Executor is claiming that she is the rightful owner to the funds in the Fidelity account.

18. An actual controversy exists between Plaintiff and Defendants, and by the terms and provisions of Section 5/2-701 of the Illinois Code of Civil Procedure, this Court is vested with the power to declare the rights and liabilities of the parties thereto and to give such other relief as may be necessary or required.

WHEREFORE, the Plaintiff, BETTY CUNNINGHAM respectfully prays that this Court:

a. Determine and adjudicate the rights of the parties accordingly;

b. Find and declare that Betty Cunningham is the appropriate beneficiary to the Fidelity Investment 401(k);

3



**From:** Fred Bauerle
Fax Number: 18593926337
Voice Phone: 00000000000

# FAX

**To:** 16178508000
Company:
Fax Number: 16178508000
Voice Phone:

**Fax Notes:**

Caution: The message and any documents accompanying this transmission ("the Transmission") contain information from FMR Corp. or its affiliates, which is proprietary, confidential, and/or subject to the attorney-client privilege. The transmission is intended only for the person specifically named above. If you are not the intended recipient of this information, or the employee/agent responsible for delivering this message, you are hereby notified that any dissemination, distribution, or copying of this information is strictly prohibited  If you have received this message in error, please notify us immediately by telephone (call us collect if you wish) and return the original to us at the address below, at our cost.
Fidelity Investments
82 Devonshire Street, Boston, MA 02109

Date and time of transmission: 10/21/14 08:53:13 PM
Number of pages including this cover sheet: 5



**CORPORATION SERVICE COMPANY**

# Notice of Service of Process

null / ALL
Transmittal Number: 13090373
Date Processed: 10/23/2014

| | |
|---|---|
| Primary Contact: | Trent Atkins<br>Loparex LLC<br>1255 Crescent Green<br>Suite 400<br>Cary, NC 27518 |
| Copy of transmittal only provided to: | Laura Lewis<br>Randy Stephenson |
| Entity: | Loparex LLC<br>Entity ID Number 2540558 |
| Entity Served: | Loparex, LLC |
| Title of Action: | Betty Cunningham vs. Loparex, LLC |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Other |
| Court/Agency: | Cook County Circuit Court, Illinois |
| Case/Reference No: | 14 P 3107 |
| Jurisdiction Served: | Illinois |
| Date Served on CSC: | 10/23/2014 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | Betty Cunningham<br>708-653-315 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road Wilmington, DE 19808 (888) 690-2882 | sop@cscinfo.com

| | | |
|---|---|---|
| 2120 - Served | 2121 - Served | |
| 2220 - Not Served | 2221 - Not Served | |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| **SUMMONS** | **ALIAS - SUMMONS** | (2/28/11) CCG N001 |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, PROBATE DIVISION

No. 14 P 3107

BETTY CUNNINGHAM

LOPAREX, LLC/ Illinois Corporation Service C

801 Adlai Stevenson Drive

Springfield, Illinois 62703

(Name all parties)

v.

LOPAREX, LLC, ISOBEL A. HERBERT, SUPERVISED EXECUTOR, FIDELITY INVESTMENTS

### ⊙ SUMMONS  ○ ALIAS SUMMONS

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

- ⊙ Richard J. Daley Center, 50 W. Washington, Room **1202**, Chicago, Illinois 60602
- ○ District 2 - Skokie
  5600 Old Orchard Rd.
  Skokie, IL 60077
- ○ District 3 - Rolling Meadows
  2121 Euclid
  Rolling Meadows, IL 60008
- ○ District 4 - Maywood
  1500 Maybrook Ave.
  Maywood, IL 60153
- ○ District 5 - Bridgeview
  10220 S. 76th Ave.
  Bridgeview, IL 60455
- ○ District 6 - Markham
  16501 S. Kedzie Pkwy.
  Markham, IL 60428
- ○ Child Support
  28 North Clark St., Room 200
  Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 54066
Name: JOHN M. MORRONE, P.C.
Atty. for: BETTY CUNNINGHAM
Address: 12820 S. RIDGELAND AVE., UNIT C
City/State/Zip: PALOS HEIGHTS, ILLINOIS 60463
Telephone: 708-653-3151

WITNESS, OCT 16 2014

DOROTHY BROWN
Clerk of Court

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____
(Area Code) (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

STATE OF ILLINOIS )
)SS: ATTORNEY NO. 54066
COUNTY OF COOK )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, PROBATE DIVISION

IN RE: THE ESTATE OF: )
) CASE NO. 14 P 3107
PATRICK KEVIN CUNNINGHAM, ) DOCKET
) PAGE
Deceased. ) Supplemental Proceeding
)

---

BETTY CUNNINGHMAM,

    Plaintiff

v.

LOPAREX, LLC, And ISOBEL A. HERBERT,
as Supervised Executor of the Estate of
Patrick Kevin Cunningham, FIDELITY INVESTMENTS,

    Defendants.

## COMPLAINT
## DECLARATORY JUDGMENT

NOW COMES the Plaintiff, BETTY CUNNINGHAM, by and through her attorneys, JOHN M. MORRONE, P.C., and hereby brings this action and Complaint against Defendants, LOPAREX, LLC., FIDELITY INVESTMENTS, and ISOBEL A. HERBERT, as Supervised Executor of the Estate of Patrick Kevin Cunningham, and hereby alleges the following:

1. Decedent Patrick Kevin Cunningham died on March 29, 2014.

2. His purported Will was admitted to probate on July 29, 2014 and his friend, ISOBEL A.

1

HERBERT was appointed Independent Executor.

3. Independent Administration was terminated and the estate is under court supervision.

4. The decedent, P. Kevin Cunningham and Betty Cunningham were married on April 3, 1981 and subsequently divorced on November 12, 2003.

5. Even though the decedent and Betty Cunningham were divorced, they remained friends until his death and shared joint custody of their pet dogs.

6. The decedent was employed by Loparex, LLC for over thirty years and had life insurance policies and a 401(k) through his employment.

7. Upon information and belief, the decedent had named Betty Cunningham as his beneficiary to his Fidelity Investments 401(k) that he received through Loparex, LLC while they were married.

8. Upon information and belief, fter the divorce, the decedent changed the beneficiary to his assets, including his life insurance policy through his employment. The only asset that he did not alter the beneficiary to was his Fidelity Investments 401(k), where he still had Betty Cunningham named as his beneficiary.

9. Upon information and belief, upon decedent's death, Loparex, LLC informed Fidelity Investments that the beneficiary form that was in its possession was outdated and predated the Cunningham's divorce.

10. Upon information and belief, Loparex, LLC also informed Fidelity Investments that it was going to look through its files for a current beneficiary.

11. To date, no current beneficiary form as been discovered by Loparex, LLC or the Supervised Executor.

12. Upon information and belief, the Supervised Executor contacted Fidelity Investments and requested that the decedent's 401(k) be moved to an "Estate Account."

13. At the request of the Supervised Executor, Fidelity Investments did move the decedent's 401(k) account to an "Estate Account" where it is believed that the funds are still being held.

14. Since decedent's Fidelity Investments 401(k) account had a legal beneficiary named, the account should have been paid to Betty Cunningham instead of being moved to an "Estate Account."

15. Essentially, Loparex LLC and Fidelity Investment, by moving the account to an "Estate Account" created their own interpleader, without court order and without legal authority to create an interpleader.

16. The Defendants did not have any legal authority to move the 401(k) to an estate account and they do not have any legal authority to deny the rightful beneficiary possession to these funds.

17. The Plaintiff, Betty Cunningham is claiming that she is the rightful beneficiary to the Fidelity Investment 401(k) fund of decedent. Upon information and belief, the Supervised Executor is claiming that she is the rightful owner to the funds in the Fidelity account.

18. An actual controversy exists between Plaintiff and Defendants, and by the terms and provisions of Section 5/2-701 of the Illinois Code of Civil Procedure, this Court is vested with the power to declare the rights and liabilities of the parties thereto and to give such other relief as may be necessary or required.

WHEREFORE, the Plaintiff, BETTY CUNNINGHAM respectfully prays that this Court:

a. Determine and adjudicate the rights of the parties accordingly;

b. Find and declare that Betty Cunningham is the appropriate beneficiary to the Fidelity Investment 401(k);

c.    Compel Fidelity Investments to pay the 401(k) to Betty Cunningham;

d.    Grant to Plaintiff such other and further appropriate relief as is deemed fit and proper in accordance with the evidence and circumstances.

By: *(signature)*
Michelle M. Morrone

Michelle M. Morrone
John M. Morrone, P.C.
12820 S. Ridgeland Ave., Unit C
Palos Heights, Illinois 60463
(708) 653-3151
Atty No. 54066

## VERIFICATION

I, BETTY CUNNINGHAM, being duly sworn on oath, depose and state that I have read the foregoing Complaint for Declaratory Action and the facts stated therein are true based on my personal knowledge, except those alleged on information and belief.

_____
Betty Cunningham

Subscribed and sworn to before me
this _15_ day of _October_, 2014

_____
NOTARY PUBLIC

> OFFICIAL SEAL
> MICHELLE M MORRONE
> NOTARY PUBLIC - STATE OF ILLINOIS
> MY COMMISSION EXPIRES:06/25/17

5