# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| BETTY CUNNINGHAM, ) | |
| ) | |
| Plaintiff/Counter-Defendant, ) | |
| ) | |
| v. ) | |
| ) | Case No. 14 C 9292 |
| ISOBEL A. HEBERT, as Supervised ) | |
| Executor of the Estate of Patrick Kevin ) | Judge Joan H. Lefkow |
| Cunningham, ) | |
| ) | |
| Defendant/Counter-Plaintiff. ) | |

## OPINION AND ORDER

This case presents competing claims to funds held in a 401(k) account owned by Patrick Kevin Cunningham at the time of his death. The dispute is between the executor of Patrick Cunningham's estate, Isobel A. Hebert ("the Executor"), and Patrick's ex-wife, Betty Cunningham. Before the court are cross-motions for summary judgment (dkts. 33, 47). For reasons explained below, the court rules in favor of Betty Cunningham on the federal question and dismisses the claim for constructive trust.[1]

---

[1] The court has jurisdiction under 28 U.S.C. §§ 1331 (federal question jurisdiction under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.*) and 1367(a) (supplemental jurisdiction over Hebert's claim for enforcement of the Divorce Decree). Venue is proper under 28 U.S.C. § 1391(b) because all events giving rise to the claims occurred in this district.

1

**BACKGROUND**[2]

I.  **Factual Background**

Betty and Patrick were married April 3, 1981. (Dkt. 35, Joint and Stipulated Statement of Undisputed Material Facts ¶¶ 6, 27). They divorced on November 12, 2003. (*Id.* ¶ 28.) A signed marital settlement agreement was made part of the judgment for dissolution of marriage (the divorce decree). (*Id.*) Eleven years later, on or about March 29, 2014, Patrick died. (*Id.* ¶ 1.)

During the marriage and until Patrick died, Patrick was employed by Loparex LLC (Loparex). (*Id.* ¶ 8.) Patrick was a participant and account holder in the Loparex LLC 401(k) Plan. (*Id.* ¶ 11.) Loparex was and is the plan administrator for the Plan. (*Id.* ¶ 16.) Fidelity Management Trust Company (FMTC) was and is the designated trustee of the Plan, including Patrick's 401(k) account. (*Id.* ¶ 17.)

On or around November 6, 1998, upon opening his 401(k) account, Patrick identified his marital status as married and designated Betty as the primary beneficiary on a designation of beneficiary form. (*Id.* ¶ 13.) This was the only designation of beneficiary form on file with the 401(k) Plan. (*Id.* ¶¶ 32–33.) Because Patrick did not file a change of beneficiary form after the divorce, at the time of his death, the 1998 Designation of Beneficiary Form incorrectly reflected Patrick's marital status as married and Betty remained the beneficiary. (*Id.* ¶¶ 31, 35.)

As reflected in the divorce decree, the parties agreed that each would retain sole ownership of their respective 401(k) retirement accounts, and each granted the other an

---

[2] Unless otherwise noted, the facts in this section are taken from the joint and stipulated Local Rule 56.1 statements of undisputed material facts and are construed in the light most favorable to the non-moving party in each motion for summary judgment. The court will address the material, but not all, factual allegations in the parties' submissions, as the court is "not bound to discuss in detail every single factual allegation put forth at the summary judgment stage." *Omnicare, Inc.* v. *UnitedHealth Grp., Inc.*, 629 F.3d 697, 704 (7th Cir. 2011) (citation omitted).

unequivocal release of any rights to the present or after-acquired property of the other or their estate and agreed never to sue to enforce any rights relinquished under the decree. (*Id.* ¶ 30.)[3]

On July 29, 2014, Patrick's will was admitted to probate, and Isobel Hebert was appointed Supervised Executor. (*Id.* ¶¶ 4–5.) On or about August 15, 2014, the Executor contacted Fidelity Brokerage Service LLC and informed them that Patrick's 401(k) account should not pass to Betty but, rather, to the estate. (*Id.* ¶ 36.) After reviewing all relevant documents, Loparex and FMTC determined that the estate was the proper beneficiary of the 401(k) account (*id.* ¶ 38) and caused the transfer of the funds to an account for the benefit of the estate (*id.* ¶ 40).

## II. Procedural Background

On October 16, 2014, plaintiff filed in the probate court a complaint for a declaratory

---

[3] The parties agreed and the divorce decree ordered the following terms (as relevant here):

(1) each "shall retain sole ownership of their separate retirement assets, free and clear from any claim by the other party, as follows: [Betty] shall retain sole ownership of her IRA at Invesco and her 401(k) account and Cash Balance Plan, both through T. Rowe Price. [Patrick] shall retain sole ownership of his . . . 401(k) account at Fidelity,"

(2) each "forever relinquish, release, waive, and quitclaim to the other party hereto all property rights and claims which he or she now has or may hereafter have, as husband, wife, widow, widower or otherwise, or by reason of the marital relations now existing between the parties hereto or by virtue of any present or future law of any state or of the United States of America or any other country, in or to or against the property of the other party or his or her estate, whether now owned or hereafter acquired by such other party. Each of the parties hereto further covenants and agrees for himself and herself and his or her heirs, executors, administrators and assigns, that he or she will never at any time hereafter sue the other party or his or her heirs, executors, administrators and assigns, for the purpose of enforcing any of the rights relinquished under this paragraph,"

(3) "[e]ach of the parties, his or her heirs, executors or administrators, upon demand of the other, at any time hereafter, shall execute and deliver to the other party, any and all instruments and documents as may be designated herein or as may be reasonably necessary to make effective the provisions of this Agreement and to release his or her respective interests in any property (real or personal) belonging to or awarded to the other, the intention being that the property settlement provided for in this Agreement shall constitute a complete adjustment of the property rights of the parties hereto."

3

judgment that she was the rightful beneficiary of Patrick's 401(k) account. (Dkt. 2, Ex. A.) Loparex and FMTC removed the case to this court under 28 U.S.C. § 1441 (dkt. 2) and filed an interpleader counterclaim asking the court to determine the proper party to be paid from the account proceeds (dkt. 4). The court granted leave to deposit the funds with the registry of the court, and Loparex and FMTC have been dismissed. (Dkt. 21.)

The Executor filed an answer and a counterclaim for declaratory judgment that the estate is the proper beneficiary of the funds and, alternatively, to enforce Betty's waiver of any claim to the account imposed by the divorce decree. (Dkt. 14.) The material facts are undisputed such that the pending cross-motions for summary judgment are a suitable vehicle for resolving the claims.

## LEGAL STANDARD

Summary judgment obviates the need for a trial where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the initial burden of proving there is no genuine issue of material fact. *Celotex Corp.* v. *Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). In response, the non-moving party cannot rest on bare pleadings alone but must designate specific material facts showing that there is a genuine issue for trial. *Id.* at 324; *Insolia* v. *Philip Morris Inc.*, 216 F.3d 596, 598 (7th Cir. 2000). If a claim or defense is factually unsupported, it should be disposed of on summary judgment. *Celotex*, 477 U.S. at 323–24. Here, the parties have submitted a joint and stipulated statement of undisputed facts.

**ANALYSIS**

The Executor claims that she is entitled to summary judgment because the divorce decree satisfies ERISA's requirements for a qualified domestic relations order (QDRO), establishing that the estate is the proper beneficiary to receive the proceeds of the 401(k) account. (Dkt. 34 at 4–11.) Alternatively, she argues, even if the court were to conclude that the divorce decree does not qualify as a QDRO and that Betty is entitled to the proceeds of the 401(k) account, Betty may only take the funds as constructive trustee for the benefit of the estate. (*Id.* at 12–15.) Betty argues that she is entitled to summary judgment because the divorce decree does not satisfy the requirements of a QDRO; therefore, she is the proper beneficiary and there is no basis to impose a constructive trust.[4] (Dkt. 48 at 2–3.)

As an initial matter, Betty's claim for declaratory judgment is based on Illinois law, 735 Ill. Comp. Stat. 5/2-701. In contrast, the Executor's declaratory judgment claim is brought under the Declaratory Judgment Act, 28 U.S.C. § 2201. "[T]he federal rather than the state declaratory judgment statute governs . . . ; the Illinois declaratory judgment statute is a procedural rule that creates no substantive rights." *Kole* v. *Vill. of Norridge*, 941 F. Supp. 2d 933, 959 (N.D. Ill. 2013) (quoting *Second Amendment Arms* v. *City of Chi.*, No. 10 C 4257, 2012 WL 4464900, at *14 (N.D. Ill. Sept. 25, 2013)). As such, the federal rather than the state declaratory judgment statute governs.

---

[4] Plaintiff also claims that she is entitled to summary judgment because (1) "[e]ven though the Decedent and [she] were divorced the Decedent wanted [her] to be the beneficiary of his 401(k) Plan," and (2) *Egelhoff* v. *Egelhoff*, 532 U.S. 141, 121 S. Ct. 1322, 149 L. Ed. 2d 264 (2001), makes clear that the last named beneficiary to the 401(k) account is entitled to the proceeds of the 401(k) account under ERISA. The first argument has been abandoned (*see* dkts. 38, 48, 51, and 53) so need not be addressed. In *Egelhoff*, the issue before the Supreme Court was whether ERISA preempted a Washington statute that provided that the designation of a spouse as the beneficiary of a non-probate asset is revoked automatically upon divorce, to the extent the statute applies to ERISA plans. 532 U.S. at 143. Although arising in a different context, the case is consistent with the general rule that ERISA preempts state statutory and common law in determining the proper beneficiary of an ERISA plan.

Federal courts are granted discretion to render declaratory judgments "only where there exists an actual controversy." *Bell* v. *Taylor*, Nos. 15-2343, 15-3735, 15-3731, 2016 WL 3568139, at *9 (7th Cir. July 1, 2016) (quoting *Trippe Mfg. Co.* v. *Am. Power Conversion Corp.*, 46 F. 3d 624, 627 (7th Cir. 1995)). To determine whether there is an actual controversy, the court focuses on whether the facts alleged "show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.* (quoting *MedImmune, Inc.* v. *Genentech, Inc.*, 549 U.S. 118, 127, 127 S. Ct. 764, 166 L. Ed. 2d 604 (2007)). As the facts in this case make evident, these requirements are satisfied here.

I. **Determining Who the Rightful Beneficiary of the 401(k) Plan Is Under ERISA**

Under ERISA's anti-alienation clause, 29 U.S.C. § 1056(d)(1), benefits may only be assigned or alienated through a QDRO. *Id.* § 1056(d)(3)(A). To qualify as a QDRO, a divorce decree must, among other requirements, "create[] or recognize[] the existence of an alternate payee's right to . . . receive all or a portion of the benefits payable . . . under a plan." *Id.* § 1056(d)(3)(B)(i)(I). The question, then, is whether Patrick is an alternate payee.

A. **Whether the Divorce Decree Satisfies the Requirements of a QDRO**

The Executor contends that Patrick qualifies as an alternate payee under applicable case law because the divorce decree correctly identifies Patrick within the decree in which Betty relinquished any right or interest in his retirement assets.

An alternate payee is "any spouse, former spouse, child, or other dependent of a participant who is recognized by a domestic relations order as having a right to receive all, or a portion of, the benefits payable under a plan with respect to such participant." 29 U.S.C. § 1056(d)(3)(K). Patrick is not within this definition. *See Kennedy* v. *Plan Admin'r For DuPont*

6

*Savings and Inv. Plan*, 555 U.S. 285, 297 n.8, 129 S. Ct. 865, 172 L. Ed. 2d 662 (2009) (recognizing that even if the ex-wife's waiver could be understood to somehow revert her interest to the plan participant, the plan participant does not qualify as an alternate payee under 29 U.S.C. § 1056(d)(3)(K)). *Kennedy* leaves no doubt that "a beneficiary seeking only to relinquish her right to benefits cannot do this by a QDRO." *Id.* at 296. It explains that without a designated alternate payee, there is no transfer of any property and therefore there is no assignment or alienation at all. *Id.* at 292–93. Moreover, the cases The Executor relies on do not stand for the proposition that a plan participant can be an alternate payee; in all of them, the participant designated an alternate payee in the divorce decree. *See Metropolitan Life Ins. Co.* v. *Wheaton*, 42 F.3d 1080, 1084–85 (7th Cir. 1994) (finding that the failure to designate the split between the alternate payees did not disqualify the divorce decree from being a QDRO); *Bass* v. *Mid-America Co., Inc.*, No. 95 C 1167, 1995 WL 622397, at *6–7 (N.D. Ill. Oct. 20, 1995) (stating that a divorce decree which assigned half of a husband-participant's interest in a deferred compensation plan to ex-wife is a QDRO); *Johnson* v. *Nanticoke Mem. Hosp., Inc.*, 700 F. Supp. 2d 670, 677–78 (D. Del. 2010) (noting that there was no dispute that a divorce decree which provided for a 50/50 split between an ex-wife and a husband is a QDRO); *Robson* v. *Elec. Contractors Assoc. Local 134 IBEW Joint Pension Trust of Chi., Pension Plan No. 5*, 727 N.E.2d 692, 695, 698, 312 Ill. App. 3d 374, 245 Ill. Dec. 245 (1999) (recognizing a QDRO where it established an ex-wife's one-half interest in the marital portion of pension trust); *see also* 29 U.S.C. § 1056(d)(3)(B)(i)(I) (defining a QDRO as an order that "creates or recognizes the existence of an alternate payee's right to . . . receive all or a portion of the benefits payable . . . under a plan"). Here, the divorce decree designated no "alternate payee" to receive "*all or a portion* of the benefits." 29 U.S.C. § 1056(d)(3)(B)(i)(I) (emphasis added).

Accordingly, the court finds that the divorce decree does not constitute a QDRO.

**B.     Whether the Plan Administrator Erred in Relying on the Divorce Decree to Determine the Rightful Beneficiary**

*Kennedy* held that where a beneficiary's waiver is inconsistent with the plan documents, the plan administrator properly disregarded the waiver in favor of following the plan documents in distributing plan benefits. *Kennedy*, 550 U.S. at 299–300. Here, as in *Kennedy*, the divorce decree is inconsistent with the 1998 Designation of Beneficiary Form. Moreover, the 401(k) plan clearly provided a way for Patrick to change the designation, but even though he had approximately eleven years from his divorce to his death to do so, he did not. *See Kennedy*, 555 U.S. at 303–04 (finding that where the plan participant had an easy way to change the beneficiary designation but did not do so during the two months between his divorce and his death, the plan documents identifying his ex-wife as the beneficiary controlled the determination of the rightful beneficiary).

Accordingly, the funds from the 401(k) account should have been distributed to Betty.

**II.     Whether the Court Should Impose a Constructive Trust for the Benefit of the Estate**

The Executor contends that, even if the court concludes that under ERISA the divorce decree does not qualify as a QDRO and that Betty is the proper beneficiary, plaintiff may only hold the proceeds as constructive trustee for the benefit of the estate because claiming the 401(k) fund is a violation of the divorce decree and breach of the agreement. As such, she would be unjustly enriched if allowed to retain the proceeds. Betty argues that, if the court determines she is the rightful beneficiary, she could not wrongfully receive the funds and therefore a constructive trust is not warranted.

*Kennedy* left open the question whether a common law waiver has any effect on what should happen after the funds are distributed to the designated beneficiary. 555 U.S. at 299 n.10

(making clear that its holding did not address the question "whether the Estate could have brought an action in state or federal court against [the ex-wife] to obtain the benefits after they were distributed"). That issue was resolved in this circuit by *N.L.R.B.* v. *HH3 Trucking, Inc.*, 755 F.3d 468, 470–71 (7th Cir. 2014), holding that plan benefits, once paid to the beneficiary, are subject to legal process such as attachment or garnishment. *See also Union Sec. Ins. Co.* v. *Alexander*, No. 11 C 10858, 2011 WL 5199918, at *6 (E.D. Mich. Nov. 2, 2011) ("[W]hile a plan administrator must pay benefits to the named beneficiary as required by ERISA, this does not mean that the named beneficiary cannot waive her interest in retaining those proceeds." (quoting *Sweebe* v. *Sweebe*, 712 N.W.2d 708, 712, 474 Mich. 151 (2006))); *Estate of Kensinger* v. *URL Pharma, Inc.*, 674 F.3d 131, 138 (3d Cir. 2012) (finding that "if a creditor can enforce its rights against a beneficiary once pension funds have been distributed, we see no reason why the Estate should not be able to enforce its contractual rights against [an ex-wife] once [a plan administrator] disburses the funds").

Although this court may assume supplemental jurisdiction of the Executor's request for imposition of a constructive trust, whether Betty has violated a decree entered in the Circuit Court of Cook County and if so what the consequence should be is not something this court should decide. Therefore, having decided the federal question, the court will dismiss count II of the Executor's counterclaims. *See* 28 U.S.C. § 1367.

## CONCLUSION AND ORDER

For the foregoing reasons, The Executor's motion for summary judgment (dkt. 33) seeking declaratory relief in the form of a court order finding and declaring the Estate the proper and sole beneficiary of Decedent's 401(k) account (counterclaim count I) is denied. Betty Cunningham's cross-motion for summary judgment (dkt. 47) declaring that she is the rightful

9

beneficiary of the 401(k) plan benefits is granted. The funds are currently with the registry of the court and may be disbursed not earlier than two weeks from the date of this order. Betty Cunningham is directed, by her counsel, to submit a proposed order of disbursement of funds (the principal plus interest less the registry fee) to the proposed order mailbox on this Court's webpage, and to provide the Financial Department of the Clerk's Office with the personal information necessary to disburse the funds. The Executor's counterclaim for breach of the divorce decree (count II) is dismissed without prejudice to refiling in the Circuit Court of Cook County.

ENTER:

Date: November 1, 2016        _____

U.S. District Judge Joan H. Lefkow